OPINION
Defendant Andrew J. Cicora appeals a judgment of the Municipal Court of Massillon, Stark County, Ohio, which convicted and sentenced him for excessive speed in violation of R.C. 4511.21 and drug abuse, in violation of R.C. 2925.11. Appellant originally pled not guilty, but changed his plea to no-contest after the court overruled his motion to suppress evidence obtained at the traffic stop. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR THE TRIAL COURT DID ERR OR ABUSE ITS DISCRETION BY NOT FINDING THAT THE STATEMENTS AND DRUGS CONFISCATED FROM APPELLEE WERE TAKEN BY AN ILLEGAL SEARCH AND SEIZURE AND SHOULD HAVE BEEN SUPRESSED [SIC] AS EVIDENCE.
At the hearing on the motion to suppress, Officer Doug Schwartz of the Canal Fulton Police Department testified he observed appellant traveling east on Cherry Street at 51 m.p.h. in a clearly posted 35 m.p.h. zone. As the officer approached appellant's vehicle, he observed the appellant lighting a cigarette. Officer Schwartz testified frequently people light cigarettes to cover the odors of alcoholic beverages or other substances during a traffic stop. The officer testified when he asked for permission to have a drug sniffing dog walk around the vehicle, appellant became nervous and said it was not his vehicle and he really wouldn't feel comfortable with the dog. The officer returned to his cruiser, called for the dog, and then proceeded with the registration check and other tasks associated with the traffic stop. The officer testified it typically takes around 7 minutes to write a speeding ticket, so that, in the officer's opinion, the average time a motorist was detained on a traffic stop is 10 or 11 minutes. The officer testified from the time of the stop 6 minutes elapsed before the dog actually arrived on the scene. During that time, the officer was writing out the citation. When the dog arrived, appellant expressed concern the dog might damage the vehicle and admitted he had a small amount of marijuana in his pocket. Both parties concede the dog never made a "hit" on the marijuana the officer obtained from appellant. The officer articulated his reasons for calling the dog were the fact that appellant lit the cigarette upon being stopped, his glassy eyes and the nervousness appellant displayed when asked if he would permit the dog to do a walk around the car. At trial, appellant urged the court he was improperly detained after the traffic stop until the dog arrived on the scene. Appellant also argued his admission about drug possession was coerced, because of his fear of the dog damaging the truck. The trial court denied the motion because it found the confession was not coerced, and because the officer had probable cause to call the drug dog based on the indicia he observed at the scene. The court also noted the drug dog did not actually find the drugs that were the subject of the motion to suppress. Appellant cites us to State v. Robinette (1997), 80 Ohio St.3d 234, wherein the Ohio Supreme Court held when a police officer's objective justification to continue a detention of a person stopped for a traffic violation is not related to the purpose of the original stop, and where the officer has no articulable facts that would warrant a suspicion of some illegal activity to justify the detention, then the continued detention to conduct a search constitutes an illegal seizure. Appellant improperly argues Officer Schwartz had to have probable cause to call for the drug dog. In fact, the officer identified the necessary articulable facts to gave rise to a suspicion of some illegal activity, see Robinette, supra. In United States v. Place (1983), 462 U.S. 696, the United States Supreme Court held a canine sniff is not a search under the Fourth Amendment. However, probable cause arises if the drug dog alerts to a certain area of the vehicle. This was not the case here. On direct examination, Officer Schwartz testified he did not detain appellant longer than the time it took him to write the citation. On cross, he testified from the time he pulled the car over until the dog arrived was nearly 13 minutes, while the trooper "guessed" the average stop is 10 to 11 minutes. We find the officer had articulable facts to warrant calling in the drug dog. We further find the officer did not unreasonably detain appellant during the traffic stop and subsequent drug sniff. Accordingly, we find the trial court correctly overruled the motion to suppress the evidence. The assignment of error is overruled.
For the foregoing reasons, the judgment of the Municipal Court of Massillon, Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Edwards, J., and Reader, V.J., concur